```
                                              RECEIVED
           UNITED STATES DISTRICT COURTUSDC CLERK, CHARLESTON, SC
                  DISTRICT OF SOUTH CAROLINA
                                              2007 MAR -7  A 7:50
William Winters, #92389-020,        ) C/A No. 2:07-405-TLW-RSC
                                    )
                    Petitioner,     )
                                    )
                                    )
vs.                                 )
                                    )
D. Bauknecht, Warden, FCI Williamsburg, ) Report and Recommendation
                                    )
                    Respondent.     )
                                    )
```

## BACKGROUND

The petitioner is a federal inmate at FCI-Williamsburg in Salters, S.C. He is serving a 66 month sentence for violating sections of the United States Code which prohibit possession of cocaine with intent to distribute and brandishing a firearm during a drug trafficking crime. Petitioner alleges that his conviction and sentence were entered on June 16, 2005, by the United States District Court for the Middle District of Georgia and that he did not appeal. The petitioner alleges that he has *not* filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

In the § 2241 petition and memorandum in support, the petitioner contends that he is actually innocent of the crimes that he is incarcerated for because the federal criminal statute, Title 18 U.S.C., was never properly and legally enacted by the 80th Congress. In other words, he alleges that because the criminal statute has not been legally enacted, he is unconstitutionally incarcerated. He seeks immediate release from custody.

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a

clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner's challenge is directed at the legality of his conviction and sentence. Such a challenge by a federal prisoner is properly brought pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241. *See Dias v. LaManna*, No.9:05-2797-DCN-GCK, 2006 WL 2642604*7 (D.S.C. 2006). Congress enacted § 2255 to address the practical problems of "obtaining records and taking evidence in a district far removed from the district of conviction." *In Re: Jones*, 226 F.3d 328, 332 (4th Cir. 2000). The 2255 remedy was "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Id.* at 333 (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). For federal prisoners, Section 2255 supplants habeas corpus unless it "proves 'inadequate or ineffective to test the legality of ... detention.'" *In Re: Jones*, 226 F.3d at 333.

If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion). The petitioner

3

bears the burden of proving that the § 2255 remedy is inadequate or ineffective, and the possibility that a § 2255 may be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *Id.*; *Manigault v. Lamanna*, No.8:06-047-JFA-BHH, 2006 WL 1328780 *4 (D.S.C. 2006).

In the above-captioned case, the petitioner alleges that he did *not* file a § 2255 with the sentencing court. The petitioner argues that Title 18 of the United States Code is null and void because it was not properly legally enacted by the 80th Congress. He asserts that from 1947 to 1948 the Congress "got sloppy" and did not enact Title 18 into "positive law." In fact, he argues that anyone convicted under Title 18 since 1948 was wrongfully imprisoned. Even if this legal claim has any merit, it should be raised in a § 2255 petition because the argument is a collateral attack on the petitioner's conviction and sentence, which the sentencing court in the Middle District of Georgia should decide. Unfortunately for petitioner, if a § 2255 petition is now time barred, that does not invoke the "savings clause" to permit a § 2241 action. *In re Vial*, 115 F.3d at 1194 n.5.

If the petitioner had previously filed a § 2255 in Georgia with an unsuccessful result, in order to file this action, the petitioner must show that,

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law

4

> changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Petitioner has not set forth any facts which could be construed to meet any of the prongs announced in Jones. Thus, his claims are not cognizable under § 2241, and this Court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Finally, petitioner's unsupported statement that he is actually innocent of the crimes for which he was convicted and sentenced is without merit. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner's actual innocence claim is facially inadequate to require consideration because petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charges. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial").

5

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondent to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

March 6, 2007
Charleston, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).